**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MOHAMMED DAVIS,** | **Civil Action No. 16-8342 (SDW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **JOHN POWELL, et al.,** | |
| **Respondents.** | |

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Mohammed Davis ("Petitioner") brought pursuant to 28 U.S.C. § 2254 challenging Petitioner's state court conviction (ECF No. 1). On December 9, 2016, this Court ordered Petitioner to show cause why his petition should not be dismissed as time barred. (ECF No. 3). Petitioner filed a response to that order on December 29, 2016. (ECF No. 4). For the following reasons, this Court will dismiss the petition with prejudice as time barred and will deny Petitioner a certificate of appealability.

## I. BACKGROUND

Because this Court will dismiss the petition with prejudice as time barred, only a brief recitation of the procedural history of this matter is necessary to provide context for the Court's decision. The Superior Court of New Jersey, Law Division, set out the basic procedural history of Petitioner's criminal matter in its opinion dismissing Petitioner's petition for post-conviction relief:

> On July 20, 1999, [P]etitioner pled guilty to an amended charge of aggravated manslaughter. Pursuant to the plea agreement, the State agreed to dismiss [the remaining counts of Petitioner's indictment] in exchange for a 24-year prison sentence. It was further stipulated

1

that Petitioner would be required to serve 85% of that sentence pursuant to the No Early Release Act (NERA) as a period of parole ineligibility.

On October 15, 1999, Petitioner was sentenced in accordance with the plea agreement to a 24 year sentence as well as a five year period of parole supervision upon his release subject to NERA. Petitioner was also sentenced to twelve years of parole ineligibility pursuant to the Graves Act. On March 3, 2000, Petitioner filed a pro se motion for a change of sentence which was withdrawn on April 14, 2000, by his trial counsel.

On August 12, 2002, a Motion for Leave to Appeal was filed with a Notice of Appeal Nunc Pro Tunc, on the grounds of an excessive sentence. On January 4, 2004, the Appellate Division affirmed the judgment of conviction imposed by [the Law Division]. A *pro se* petition for certification to the Supreme Court was subsequently denied [on January 28, 2004. (*See* ECF No. 4 at 2)].

Petitioner thereafter filed [his petition] for post-conviction relief (PCR) on February 15, 2005. A PCR hearing was held on February 20, 2009. . . . [An] evidentiary hearing was [thereafter] conducted over two days in May and October of 2009.

(Document 1 attached to ECF No. 4 at 11).

On August 13, 2013, the Law Division denied Petitioner's petition for post-conviction relief, finding both that the petition was untimely filed and alternatively that Petitioner's claims were all without merit. (Document 1 attached to ECF No. 4 at 12-21). Petitioner appealed, and on March 18, 2016, the Appellate Division affirmed "for the reasons stated by [the PCR Judge] in his comprehensive written opinion," including the PCR Judge's determination that the petition was both time barred and without merit. (Document 1 attached to ECF No. 4 at 5-8). Petitioner thereafter filed a petition for certification, which was denied by the New Jersey Supreme Court on October 14, 2016. (Document 1 attached to ECF No. 4).

Petitioner filed his original petition for a writ of habeas corpus on or about November 7, 2016. (ECF No. 1). On December 9, 2016, this Court entered an order directing Petitioner to

2

show cause within thirty days why his petition should not be dismissed with prejudice as time barred.  (ECF No. 3).  On December 29, 2016, Petitioner filed a response to that Order.  (ECF No. 4).  In his response, Petitioner essentially argues that his one year limitations period was statutorily tolled from the filing of his PCR petition through the denial of certification in October 2016, and that his petition is therefore timely.

## II.  DISCUSSION

### A.  Legal Standard

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state court.  *See Eley v. Erickson*, 712 F.3d 837, 846 (3d Cir. 2013); *see also Parker v. Matthews*, --- U.S. ---, ---,132 S. Ct. 2148, 2151 (2012).  Under the statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give great deference to the determinations of the state trial and appellate courts.  *See Renico v. Lett*, 559 U.S. 766, 772-73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).  Federal law is clearly established for these purposes where it is clearly expressed in "only the holdings, as opposed to the dicta" of the opinions of the United States Supreme Court.  *See Woods v. Donald*, --- U.S. ---, ---, 125 S. Ct. 1372, 1376 (2015).  "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong."  *Id.*  Where a petitioner challenges an allegedly erroneous factual determination of the state courts, "a determination of a factual issue made by a State court shall be presumed to be correct [and the] applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

**B.  Analysis**

As this Court explained in the order to show cause,

> Petitions for writs of habeas corpus are subject to a one year statute of limitations. *See Figueroa v. Buechele*, No. 15-1200, 2015 WL 1403829, at *2 (D.N.J. Mar. 25, 2015).  In most cases, including this one, that one year statute of limitations begins to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court." *Id.*

(ECF No. 3 at 1-2).  In this matter, Petitioner was sentenced in October 1999.  He appealed *nunc pro tunc*, and his conviction was affirmed on January 7, 2004.  Petitioner thereafter apparently filed a *pro se* petition for certification, which was denied on January 28, 2004.  Petitioner's conviction therefore became final ninety days later, on April 27, 2004.  Absent some form of

tolling, then, Petitioner's one year limitations period would have expired on April 27, 2005. *Buechele*, 2015 WL 1403829 at *2.

As this Court previously explained to Petitioner, the AEDPA statute of limitations is subject to statutory tolling which automatically applies to the period of time during which a petitioner has a properly filed petition for post-conviction relief pending in the state courts. *Figueroa*, 2015 WL 1403829, at *2. Such statutory tolling applies, however, only to PCR convictions which are *properly filed*. *See Pace v. DiGuglielmo*, 544 U.S. 408, 412-17 (2005). A petition that was not properly filed, such as a petition which was determined to have been untimely filed by the state courts, will not toll the running of the one year limitations period. *Id.*

In this matter, Petitioner filed his PCR petition on February 15, 2005, two months before his one year limitations period had expired. The state courts, however, determined that Petitioner's PCR petition was untimely filed. (Document 1 attached to ECF No. 4 at 5-8, 12-21). Because Petitioner's PCR petition was untimely filed, it was not a "properly filed" collateral attack, and thus did not trigger statutory tolling. *Pace*, 544 U.S. at 412-17. Because Petitioner's PCR petition did not toll the running of the one year limitations period, absent equitable tolling that limitations period expired in this case on April 27, 2005, the filing of the PCR petition notwithstanding. *Id.*

Equitable tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). To receive the benefit of equitable tolling, a petitioner must show "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). In response to this Court's order to show cause, Petitioner presents no basis for the equitable tolling of the statute of limitations,

instead insisting on his entitlement to statutory tolling.  As this Court has explained, Petitioner is not entitled to statutory tolling because his PCR petition was untimely and therefore not "properly filed."  *See Pace*, 544 U.S. at 412-17.  Because Petitioner's one year limitations period therefore expired in April 2005, because Petitioner has presented no basis for the equitable tolling of the statute of limitations in his petition or the response to the order to show cause, and because this Court perceives no basis for equitable tolling from the record before the Court, Petitioner's habeas petition is well and truly time barred by more than a decade, and his petition shall be dismissed with prejudice as such.

## III.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right."  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because jurists of reason could not disagree with this Court's conclusion that Petitioner's habeas petition is well and truly time barred, nor with this Court's conclusions that Petitioner is not entitled to

statutory or equitable tolling based on the record before the Court, Petitioner's habeas petition is inadequate to deserve encouragement to proceed further. As a result, this Court will deny Petitioner a certificate of appealability.

## IV. CONCLUSION

For the reasons stated above, Petitioner's petition for a writ of habeas corpus is DISMISSED WITH PREJUDICE as time barred and Petitioner is DENIED a certificate of appealability. An appropriate order follows.

_s/ Susan D. Wigenton_

Dated: January 30, 2017

Hon. Susan D. Wigenton,
United States District Judge